UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN ROBINSON and<br>NOAH ROBINSON, a minor,<br>by and through his father and<br>guardian ad litem, Ricardo Robinson,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF SAN DIEGO,<br>and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No.  08cv1855-J (JMA)<br><br>**ORDER FOR RELEASE OF RECORDS AND PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED** that Plaintiffs be provided with the San Diego Sheriff Department's internal affairs investigation into the incident which is the subject of this litigation, to wit, the detention and arrest of Plaintiff Dawn Robinson on April 5, 2007. This shall include all tape recorded interviews and any photographs taken or obtained during the investigation.  Said documents and materials are released subject to the following protective order.

**IT IS FURTHER ORDERED** that all documents and items released to plaintiff pursuant to this order are released subject to the following restrictions:

　　　1.　　Prior to the release of any such documentation, all personal information regarding the deputy, his spouse and children, including but not limited to social security number, driver's license number, residential address, names of the spouse and children

1 shall be redacted from the documents to be released to plaintiffs and their counsel.

2  2. Plaintiffs and their counsel shall not disclose the contents of the documents,
3 or provide the documents or copies of the documents, or the substance of the
4 documents or electronically disseminate the documents or data extracted from the
5 documents, to anyone except as specified below.

6  3. The documents produced are to be stamped or otherwise marked
7 "Confidential Material - disclosure subject to protective order" prior to use in this
8 litigation.

9  4. The documents shall be used solely in connection with this litigation and the
10 preparation and trial of this case, or any related appellate proceeding, and not for any
11 other purpose including but not limited to any other litigation, and data bank compilation.
12 Any party receiving a subpoena or other request for production of the documents will,
13 prior to producing any such material, promptly notify counsel for all parties hereto of
14 such, giving them reasonable notice and an opportunity to oppose such production.

15  5. The documents and information contained therein may be disclosed only to
16 the following persons:

17  (a) counsel for any party, and any party to this action;

18  (b) paralegal, stenographic, clerical, secretarial, investigative personnel
19 employed by counsel referred to in (a);

20  (c) any outside expert or consultant retained in connection with this action, and
21 not otherwise employed by either party;

22  (d) any "in house" expert designated by the County to testify at trial in this
23 matter;

24  (e) court personnel including stenographic reporters engaged in such
25 proceedings as are necessarily incidental to preparation for the trial of this action.
26 Nothing in this paragraph (5) is intended to prevent officials or employees of the County
27 of San Diego or other authorized government officials from having access to these
28 documents if they would have had access in the normal course of duties. Further,

nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the County of San Diego with respect to what he or she saw, heard, or otherwise sensed.

6. Each person to whom disclosure of the concerned documents and information is made, with the exception of counsel who are presumed to know of the contents of this protective order, and court personnel referenced in sub-paragraph (e) of paragraph (5) above, shall be given a copy of this order prior to the time of disclosure by the person who is furnishing him/her with the concerned documents and information. And each person to whom disclosure is made shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order, and agrees to be bound by the protective order. Such person also must consent to be subject to the jurisdiction of the United States District Court, for the Southern District of California, with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding of contempt. Unless made on the record in this litigation, counsel making disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all documents and confidential material received under the provisions of the order (including any copies made, and any copies provided to any person to whom disclosure has been made) shall be, upon request, returned to the County of San Diego, plaintiff's attorney shall also destroy all summaries, annotations, and compilations of information contained in the documents created by plaintiff, his attorney, or other person to who disclosure has been made, excepting the court. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

8. The forgoing is without prejudice to the right of any party:

(a) to apply to the Court for a further protective order relating to any document

1  subject to this order, or discovery in this litigation;

2      (b) to apply to the Court for an order removing the "Confidential Material -
3  disclosure subject to protective order" designation from any documents; and

4      (c) to apply to the Court for an order compelling production of documents and
5  information of this order or for any order permitting disclosure of the documents and
6  information contained therein beyond the terms of this order.

7      9.   Any document designated Confidential or that discloses information from
8  Confidential documents shall be filed under seal.  However, nothing shall be filed under
9  seal, and the Court shall not be required to take any action, without separate prior order
10 by the Judge before whom the hearing or proceeding will take place, after application by
11 the affected party with appropriate notice to opposing counsel.

12     If the Court grants a party permission to file an item under seal, a duplicate
13 disclosing all nonconfidential information, if any, shall be filed and made part of the
14 public record.  The item may be redacted to eliminate confidential material from the
15 document.  The document shall be titled to show that it corresponds to an item filed
16 under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of
17 Motion for Summary Judgment."  The sealed and redacted documents shall be filed
18 simultaneously.

19     10.   Nothing in this order shall preclude a party from showing or disclosing to
20 any person not listed in paragraph 5 of this order deposition transcripts, pleadings or
21 briefs containing any part of documents subject to this order if the document containing
22 such materials has been masked or deleted so that no disclosure of the confidential
23 material occurs.

24     11.   The Court may modify this Order sua sponte in the interest of justice.

27     12.   This Order is subject to further court orders based upon public policy and
28 other considerations.

**IT IS SO ORDERED.**

DATED: July 17, 2009

_____
Jan M. Adler
U.S. Magistrate Judge

Approved as to form and content.

Dated: July 14, 2009                                Dated: July 14, 2009

JOHN SANSONE, County Counsel

By **/s/ Stephanie E. Kish**                        **/s/ Michael R. Marrinan**

   Attorneys for Defendants                         Attorney for Plaintiffs

   E-mail: stephanie.kish@sdcounty.ca.gov           E-mail: mrmarrinan@aol.com

   I, Michael R. Marrinan, hereby certify that the content of this Proposed Order for Release of Records and Protective Order is acceptable to all persons required to sign this document. Senior Deputy County Counsel Stephanie E. Kish, attorney for defendant, has authorized me to affix her CM/ECF electronic signature to this Proposed Order.

Dated: July 14, 2009

   **/s/ Michael R. Marrinan**
   Attorney for Plaintiffs
   E-mail: mrmarrinan@aol.com